# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 29, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| A. HART, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-1186V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fee and Costs; |
| AND HUMAN SERVICES, | * | Attorneys' Rates; Unreasonable |
| | * | Expert Cost. |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Carol A. Thompson,* The Federal Practice Group, Washington, D.C., for petitioner.
*Voris E. Johnson*, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 16, 2020, A. Hart ("petitioner") filed a motion for final attorneys' fees and costs ("Fees App.") (ECF No. 92). For the reasons discussed below, I **GRANT** petitioner's motion and award reasonable attorneys' fees of $4,032.60 and reasonable petitioner's costs of $11,768.64.

**I.    Procedural History**

On September 22, 2016, petitioner filed a *pro se* claim in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of an influenza ("flu") vaccination on

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

September 23, 2013, she developed pneumonia and chronic shortness of breath with and without exertion.  Petition (ECF No. 1).  Ms. Carol Thompson entered her appearance as petitioner's counsel on October 16, 2020, *see* Petitioner's Motion (ECF No. 87), and appeared on behalf of petitioner in a status conference on November 2, 2020, *see* Scheduling Order (No. 90).  On December 17, 2020, a decision was entered granting petitioner's motion for voluntary dismissal of her claim for insufficient proof.  Petitioner's Motion (ECF No. 94); Decision (ECF No. 95).

On December 16, 2020, petitioner filed the present motion for final attorneys' fees and costs.  She requests $4,663.50 in attorneys' fees and $12,968.64 in reimbursement for costs which she personally incurred.  Fees App. at 1.  On the same day, respondent filed a response which provides that respondent defers to the Court's determination as to whether the statutory requirements for attorneys' fees and costs were met in this case.  Fees Response (ECF N. 93) at 2.  Petitioner has not filed a reply.  Petitioner's motion is now ripe for adjudication.

## II.    Legal Standard

The Vaccine Act provides that in the event that a petition results in compensation, the special master "shall" also award reasonable attorneys' fees and costs incurred in any proceeding on such petition.  42 U.S.C. § 300aa-15(e)(1).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).  Here, although petitioner's claim was not compensated, she provided objective evidence of vaccination, the injury alleged, and a medical professional's opinion supporting vaccine causation and proposing a rather opaque theory of which I had significant questions.  Petitioner subsequently retained counsel who did not incur additional costs.  During a status conference to discuss petitioner's anticipated voluntary motion for a voluntary dismissal, respondent's counsel represented that respondent would not challenge reasonable basis.  *See* Scheduling Order filed November 2, 2020 (ECF No. 90).  Based on these factors and respondent's lack of any specific objections in his response, I find that the claim was supported by reasonable basis during its pendency.

The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.,* 515 F. 3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonable expended on the litigation.  *Id.* at 1347-58 (citing *Blum v. Stenson,* 465 U.S. 886, 888 (1984)).  The Office of Special Masters ("OSM") has prepared ranges of reasonable hourly rates for attorneys of varying experience and for paralegals, which are posted on the Court's website.[3]

---

[3] Court of Federal Claims – Office of Special Masters, *OSM Attorneys' Forum Hourly Rate Fee Schedules*, at https://www.uscfc.uscourts.gov/node/2914.

Petitioner "bears the burden of establishing [that] the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### III.   Analysis

#### A. Attorneys' Fees

I find it reasonable to adjust the requested attorneys' fees. Petitioner avers that for work performed in 2020, her attorney Ms. Carol Thompson should be awarded $422.00 per hour. Pet. Fees App. at 3. Petitioner did not provide any information about Ms. Thompson's experience, but cursory internet research reflects that she graduated from law school in 2008, therefore possessing 11 years of legal experience.[4] She is currently a partner at the Federal Practice Group and her practice is focused on representing current and former members of the military, government employees, and government contractors. As a part of this practice, she is admitted before the Court of Federal Claims.[5] However, a CM/ECF search confirms that this is her first matter within the Vaccine Program. Additionally, the permissible range for all attorneys with between 11 – 19 years of experience, including those with experience specifically within the Vaccine Program, is $338 – 442.00. While Ms. Thompson grasped the issues presented and counseled her client to a resolution, I find that a more reasonable hourly rate for her work performed in this case in 2020 is $360.00. **This results in a reduction of $434.60 from the fee request.[6]**

Petitioner requests an hourly rate of $253.00 for "VME," who research identifies as associate attorney Ms. Victoria Eatherton, who graduated from law school in 2018.[7] Fees App. at 3, 6. The permissible range for attorneys with less than 4 years of experience is $169.00 - $253.000. For similar reasoning, I find that a more reasonable hourly rate is $200.00. **This results in a reduction of $155.10 from the fee request.[8]**

---

[4] Federal Practice Group, *Carol Thompson – Partner*, at https://fedpractice.com/meet_our_team/carol-thompson/ (last accessed April 26, 2021).

[5] LinkedIn, *Carol Thompson*, at https://www.linkedin.com/in/carolnoble (last accessed April 26, 2021).

[6] 5.3 hours x ($422.00 - $360.00) = $434.60.

[7] Federal Practice Group, *Victoria Eatherton - Associate*, at https://fedpractice.com/meet_our_team/victoria-eatherton/ (last accessed April 26, 2021).

[8] 3.3 hours x ($300.00 - $253.00) = $155.10.

Petitioner also requests an hourly rate of $163.00 for paralegal work in the case, which I find is likely reasonable. Petitioner also requests reimbursement for very limited billing by the firm's founding partner, which I find to be reasonable without determining whether the rate is reasonable more broadly.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries reasonably and accurately describe the work performed and the length of time it took to perform each task. Moreover, respondent has not identified any particular entries as being objectionable. Therefore, they are compensated without adjustment. **Accordingly, petitioner is awarded a total of $4,032.60 in attorneys' fees.**

### B. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Here, petitioner requests reimbursement of $12,968.64 in costs which she personally incurred in the prosecution of this claim. Fees App. at 18. There is an itemized list and accompanying documentation reflect that the costs are for obtaining medical records, the filing fee, postage, consultation with several medical experts, and obtaining transcripts of the recorded status conferences which her attorney reviewed upon taking on representation of petitioner. I find that these costs are adequately documented and generally reasonable. However, I decline to reimburse a vocational expert's March 2017 invoice for $1,200.00, on the basis that this information was not necessary to support the petition. Vocational experts can be helpful in some cases in the Vaccine Program involving lost wages if respondent invites settlement discussions, the Court recommends those discussions, or the case moves formally into the damages phase. However, none of those scenarios were true here. This results in a reduction of $1,200.00 from petitioner's costs.

### IV. Conclusion

In accordance with the foregoing, petitioner's motion for final attorneys' fees and costs is **GRANTED**. I find that the following is reasonable:

| | |
|---|---|
| Attorneys' Fees Requested | $4,663.50 |
| (Adjustment to Ms. Thompson's Rate) | - $434.60 |
| (Adjustment to Ms. Eatherton's Rate) | - $155.10 |
| **Attorneys' Fees Awarded** | **$4,032.60** |
| | |
| Petitioner's Costs Requested | $12,968.64 |
| (Reduction for Vocational Expert) | - $1,200.00 |
| **Petitioner's Costs Reimbursed** | **$11,768.64** |

4

**Accordingly, I award the following:**

1) **A lump sum in the amount of $4,032.60, representing reimbursement for final attorneys' fees and costs, in the form of a check payable to petitioner and her attorney Carol A. Thompson.[9]**

2) **A lump sum in the amount of $11,768.64, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court shall enter judgment in accordance herewith.[10]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[9] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered.  Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir. 1991).

[10] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).